ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                          )
                                                     )
Cobeal Consulting Group                              )     ASBCA No. 63815
                                                     )
Under Contract No. W912DQ-21-C-4014                  )

APPEARANCE FOR THE APPELLANT:          Ms. Sophy Laughing
                                         Chief Executive Officer

APPEARANCES FOR THE GOVERNMENT:
                                       Michael P. Goodman, Esq.
                                         Engineer Chief Trial Attorney
                                       Virginia Murray, Esq.
                                       Kristine Hauser, Esq.
                                         Engineer Trial Attorney
                                         U.S. Army Engineer District, Kansas City

OPINION BY ADMINISTRATIVE JUDGE WILSON ON THE GOVERNMENT'S
PARTIAL MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal involves a contract between Cobeal Consulting Group (Cobeal) and the United States Army Corps of Engineers (USACE or government) for the construction of classrooms, simulator spaces, and administrative spaces at the Mexico National Civil Protection School in Mexico City, Mexico. On October 30, 2023, USACE terminated the contract for default. Cobeal alleges that the termination for default was unjustified and seeks to have it converted into a termination for convenience. Additionally, Cobeal raises claims in its complaint for increased costs, return of withheld liquidated damages, and various time extensions of the contract's duration. USACE moves to dismiss these additional claims on the grounds that they were never presented to a contracting officer (CO) and are therefore outside of the Board's jurisdiction. Because the Board lacks jurisdiction over appellant's additional monetary claims, we grant USACE's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On September 15, 2021, USACE awarded Cobeal Contract No. W912DQ21C4014, a firm fixed-price contract for the construction of the Mexico National Civil Protection School (MNCPS) in Mexico City, Mexico, at a total price of $7,373,976.58 (R4, tabs 7, 8). The contract contained the following clauses: 52.233-1 Disputes (MAY 2014); 52.211-12 LIQUIDATED DAMAGES—CONSTRUCTION

(SEP 2000); and 52.232-5 PAYMENTS UNDER FIXED-PRICE CONSTRUCTION CONTRACTS (MAY 2014), which reads in pertinent part:

> (e) Retainage. If the Contracting Officer finds that satisfactory progress was achieved during any period for which a progress payment is to be made, the Contracting Officer shall authorize payment to be made in full. However, if satisfactory progress has not been made, the Contracting Officer may retain a maximum of 10 percent of the amount of the payment until satisfactory progress is achieved. . .

2. By letter dated July 26, 2023, USACE informed Cobeal the following:

> Your latest schedule submitted for review in July 2023. . . reflects a late completion for End Project on August 21, 2024. Pursuant to clause 52.211-12, "Liquidated Damages", an amount of $1,540.00 for each calendar day of delay will be held for liquidated damages to the Government by Cobeal Consulting Group beginning on June 25, 2023.

(R4, tab 24)

3. On July 31, 2023, Cobeal submitted a request for equitable adjustment (REA 1) to USACE for an 18% increase in the contract's total price plus legal fees due to "exchange rate volatility and its unpredictable impact associated with the [] contract" and elimination of the liquidated damages clause and associated fees and the elimination and return of retainage (R4, tab 25 at COE000002-5). The REA did not quantify the amount requested, however Cobeal included the following certification: "This Request for Equitable Adjustment (REA) does not include any costs that already have been reimbursed or that have been separately claimed. COBEAL certifies that the request is made in good faith and that the supporting data are accurate and complete to the best of our company's knowledge." (*Id.* at COE000012. Additionally, the submittal included a request for a "clear and detailed decision" which addresses each specific element and explains the rationale for accepting or rejecting any part of the REA; and an explanation of appeal rights for "appealing the decision to the appropriate forum, such as the U.S. Court of Federal claims or a board of contract appeals." (*Id.* at COR 000010)

4. USACE's CO denied Cobeal's REA 1 in its entirety via letter dated August 28, 2023, stating that liquidated damages will continue to be withheld and retainage will be handled in accordance with the terms of the contract. The CO added further, "[t]he contract price will not be increased. If you disagree with my position in

response to your REA, Cobeal has the right to submit a Certified Claim requesting a Contracting Officer's Final Decision (COFD) in accordance with FAR 52.233-1 Disputes." (R4, tab 31) The record does not contain a subsequent request by Cobeal for a COFD relating to the issues contained in REA 1.

5. Based upon Cobeal's lack of progress due to numerous contractor delays to the project, USACE's CO issued a Show Cause letter to Cobeal on September 13, 2023 (R4, tab 33).

6. On October 25, 2023, Cobeal submitted a second REA (REA 2) to USACE's CO seeking $220,172.64, which included costs related to a time extension of 58.45 days for delays to the project caused by "unusually severe weather" ($118,210.97) and a return of liquidated damages ($90,860), plus interest ($11,101.67). This REA did not include a certification. (R4, tab 41)

7. The next week, by letter dated October 30, 2023, the CO terminated the contract for default due to Cobeal's failure to "prosecute the work on the [MNCPS] contract with the diligence that will ensure its completion within a timely manner" (R4, tab 42 at COE000002). The termination notice did not address any issues relating to REA 2.

8. By letter dated January 22, 2024, Cobeal timely appealed the termination of its contract for default to the Board. Cobeal further mentioned that, in addition to the termination decision, it estimated damages for the project in excess of $4,000,000, and that "[t]he total direct and consequential damages are under review and will be detailed in our official complaint." The notice did not mention any of the issues contained in REA 1 (e.g. 18% increase in contract price due to exchange rate volatility, elimination of liquidated damages, and elimination and return of retainage) or the August 28, 2023, CO denial of REA 1.

9. On January 24, 2024, the Board docketed Cobeal's appeal as ASBCA No. 63815.

10. On May 9, 2024, Cobeal filed an extensive (335-page) complaint. In its complaint, Cobeal alleges that the termination for default was unjustified and should thus be converted into a termination for convenience (compl. at 102-22). Cobeal's complaint also contains monetary claims for numerous alleged cost increases, time extensions, and the return of liquidated damages assessed by USACE. These additional claims include, but are not limited to:

- Claims that defective specifications and design errors increased Cobeal's costs and delayed its progress, including claims relating to rebar (claims for $96,221.58

3

and $86,796.30), general design errors ($32,436.16), showers ($10,805.47), and HVAC design ($2,071.92) (*id.* at 29-30, 32)

- A request for the Board to readjust or reimburse $209,070.97 in liquidated damages (*id.* at 18-19, 84-85)

- A request for $220,172.64 and a 58.45-day extension for weather delays (*id.* at 18-19)

- Claims for damages resulting from USACE's alleged material misrepresentations and bad faith relating to the electrical system ($230,988.47) and vox and data-related costs ($106,249.56) (*id.* at 30-31)

- Claims for increased costs beyond a negotiated modification for asbestos removal and USACE's alleged failure to disclose the asbestos prior to contract award (claims for $314,075.07, $143,153.26, and $314,004.72; time extensions of 546 and 243 days) (*id.* at 27, 39)

- Superior knowledge claims relating to USACE's alleged provision of inaccurate soil studies and withholding of related soil information from Cobeal ("Part I": $115,479.18; $40,777.64; $222,868.04; and $100,014.21; "Part II": $97,663.94; $228,868.04; and $122,807.68) (*id.* at 27-29)

Cobeal's additional monetary claims presented in its complaint total $4,142,453.38 (*id.* at 21). With the exception of REA 2 ($220,172.64 and a 58.45-day extension for weather delays, and liquidated damages), which was neither certified nor requested a final decision, none of the above-mentioned "claims" were submitted to the CO for a final decision.

11. In lieu of filing its answer, USACE filed a motion to dismiss. The Board stayed proceedings pending resolution of the government's motion.

4

*The Parties' Contentions*

Cobeal asserts that the Board has jurisdiction over its claims pertaining to USACE's alleged material misrepresentation, fraudulent inducement, and bad faith. Specifically, Cobeal requests that the Board retain jurisdiction to "avoid further procedural and substantive unfairness" as dismissal would "obstruct justice and delay Cobeal's rightful claims for a [termination for convenience]" (app. opp'n at 1). USACE counters that the Board lacks jurisdiction over these claims because Cobeal never properly submitted them as certified claims to a CO as required by the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109 (gov't mot. at 4-7; gov't reply at 1-3).

*Standard of Review*

The Board's jurisdictional requirements to hear a contractor's appeal cannot be forfeited or waived. *BB Gov't Servs. Srl*, ASBCA No. 63255, 23-1 BCA ¶ 38,303 at 185,962. Board Rule 7(b) allows the Board to decide on "promptly filed" jurisdictional motions filed by the parties. Cobeal, as the proponent of the Board's jurisdiction, bears the burden of proving the Board's subject matter jurisdiction to consider this appeal by a preponderance of the evidence. *Id.* To establish Board jurisdiction, Cobeal must demonstrate that (1) it submitted each claim relating to the contract to a CO and (2) the CO issued a final decision or a deemed denial of the claim. *Id.*; *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015). While the CDA itself does not define the term "claim," the Federal Acquisition Regulation (FAR) defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. A claim exceeding $100,000 must be certified in accordance with § 7103(b) of the CDA as a prerequisite for Board jurisdiction.

*The Board Lacks Jurisdiction Over Cobeal's Monetary "Claims" Because They Were Never Submitted as Certified Claims to the Contracting Officer*

Since a termination for default is a government claim, a contractor such as Cobeal seeking to have a termination for default converted into a termination for convenience is generally not required to present its request to a CO before filing an appeal with the Board. *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1363 (Fed. Cir. 2018); *see also Malone v. United States*, 849 F.2d 1441, 1443 (Fed. Cir. 1988). However, if the contractor also requests a change to the contract's terms, such as an extension of time or an equitable adjustment for increased costs, those claims must be presented to the CO for a decision. *Securiforce*, 879 F.3d at 1363; *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1331 (Fed. Cir. 2010);

*ECC CENTCOM Constructors, LLC*, ASBCA No. 60647, 18-1 BCA ¶ 37,133 at 180,713 ("a contractor contesting . . . a default termination due to excusable delay must submit a claim for a time extension before appealing to the Board").

Here, in addition to its request that the termination for default be converted into a termination for convenience, Cobeal seeks $4,142,453.38 in damages for increased costs and improper liquidated damages as well as several time extensions (SOF ¶ 8). Cobeal's allegations of material misrepresentation, fraudulent inducement, and bad faith on the part of USACE do not absolve it of meeting the Board's jurisdictional requirements. *DLT Sols., LLC*, ASBCA No. 63069, 22-1 BCA ¶ 38,144 at 185,270 (holding that the Board lacked jurisdiction over fraudulent inducement and superior knowledge claims that were never presented to the CO). These are new claims that seek an adjustment of contract terms and therefore must first be presented to a CO for a final decision. *Securiforce*, 879 F.3d at 1363; *Maropakis*, 609 F.3d at 1331; *ECC CENTCOM*, 18-1 BCA ¶ 37,133 at 180,713.

Cobeal submitted two REAs to USACE's CO (SOF ¶¶ 3, 6). An REA is a relatively non-adversarial request from a contractor to a CO to consider adjusting the terms of a contract. *BB Gov't Servs. Srl*, ASBCA No. 63255, 23-1 BCA ¶ 38,303 at 185,963; *BAE Sys. Ordnance Sys., Inc.*, ASBCA No. 62416, 21-1 BCA ¶ 37,800 at 183,577. A claim, however, requires (1) adequate notice of the basis and amount sought and (2) a request for a final decision from the CO. *Maropakis*, 609 F.3d at 1328. The distinction between a claim and an REA is frequently unclear and often comes down to whether the contractor has requested a final decision from the CO. *BB Gov't Servs.*, 23-1 BCA ¶ 38,303 at 185,963; *BAE Sys.*, 21-1 BCA ¶ 37,800 at 183,577.

Thus, an REA may be converted into a claim if it fulfills the CDA's requirements for a valid claim, including a request for a COFD. *BB Gov't Servs.*, 23-1 BCA ¶ 38,303 at 185,963; *see also Hejran Hejrat Co. v. United States Army Corps of Eng'rs*, 930 F.3d 1354, 1357-59 (Fed. Cir. 2019); *Air Servs., Inc.*, ASBCA No. 59843, 15-1 BCA ¶ 36,146 at 176,424-25 (even a document referring to itself as an REA often meets the definition of a claim in that it makes a non-routine written demand for payment as a matter of right). This does not require an explicit request so long as what the contractor desires via its submissions is a final decision. *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1543 (Fed. Cir. 1996); *Transamerica Ins. Corp. v. United States*, 973 F.2d 1572, 1576 (Fed. Cir. 1992). However, a claim cannot be based merely on an intent to submit a claim without any communication from the contractor indicating a desire for a COFD. *Maropakis*, 609 F.3d at 1328.

At a minimum, the contractor's desire for a COFD must be determined from the context in which the submission is made. *See Ellett*, 93 F.3d at 1543; *Heyl & Patterson, Inc. v. O'Keefe*, 986 F.2d 480, 483 (Fed. Cir. 1993). Pursuant to the CDA, our jurisdiction is "dependent upon the contractor's submission of its claim to the

[contracting officer] and a final decision on, or the deemed denial of, the claim." *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816 (citing 41 U.S.C. § 7103-7105; *Maropakis,* 609 F.3d at 1327-28. "[W]here there is no claim[,] there can be no effective decision from which to appeal." *Sweet Star Logistic Serv.*, ASBCA No. 62082, 20-1 BCA ¶ 37,704 at 183,045 (quoting *Mawaraa AlBihar Co.*, ASBCA No. 58585, 13-1 BCA ¶ 35,426 at 173,783).

REA 1 requested "a clear and detailed decision on the REA, including the Contracting Officer's statement of facts, the reasons for the decision, and any calculations or adjustments made" (R4, tab 25 at COE000010). While this appears to be a request for a final decision, in this appeal, Cobeal does not seek the increased costs it incurred due to "exchange rate volatility and its unpredictable impact" in its complaint (*see generally* compl.). In fact, Cobeal does not even mention its REA 1 or these costs in its brief (*see generally* app. br.). REA 2, on the other hand, contains nothing that could be construed as an implicit or explicit request for a final decision (R4, tab 41) and therefore cannot be converted into a claim within the meaning of the CDA. *JAAAT Tech. Servs.*, ASBCA No. 61792 *et al.*, 21-1 BCA ¶ 37,878 at 183,962 (holding that three REAs submitted by a contractor could not be converted into claims because they neither implicitly nor explicitly requested a final decision from the CO).

Moreover, both REAs exceeded $100,000 and neither were certified in accordance with the CDA's claim requirements (SOF ¶¶ 2, 4). REA 1 included the following certification: "This Request for Equitable Adjustment (REA) does not include any costs that already have been reimbursed or that have been separately claimed. COBEAL certifies that the request is made in good faith and that the supporting data are accurate and complete to the best of our company's knowledge." (SOF ¶ 2) While this certification does not meet the CDA's requirements, a defective certification in and of itself does not divest the Board of jurisdiction and may be corrected at any time before final judgment. 41 U.S.C. § 7103; *Hejran Hejrat Co. v. United States Army Corps of Eng'rs*, 930 F.3d 1354, 1359 (Fed. Cir. 2019). However, the issues addressed in REA 1 were not appealed to the Board (SOF ¶ 8). Conversely, REA 2, contained no certification whatsoever (SOF ¶ 6). "[T]he complete absence of any certification is not a mere defect which may be corrected under the [CDA] in order for the Board to retain jurisdiction." *Eurostyle Inc.*, ASBCA No. 45934, 94-1 BCA ¶ 26,458 at 131,654. Thus, the Board would lack jurisdiction regarding the costs sought in REA 2 even if it had been converted into a claim due to the absence of a certification.

CONCLUSION

For the foregoing reasons, Cobeal's requests for increased costs, return of withheld liquidated damages, and time extensions of the contract's duration are dismissed for lack of jurisdiction and are stricken from the complaint.

Only the propriety of the termination for default is properly before the Board. Accordingly, the stay is lifted and USACE is ordered to file its answer with the Board within 30 days of the date of this decision.

Dated:  January 28, 2025

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63815, Appeal of Cobeal Consulting Group, rendered in conformance with the Board's Charter.

Dated:  January 28, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

8